■ VARTANOOSH MATHEVOSIAN, Individually and as Administrator of the Estate of SIRANOUSH MATAVOSIAN, Deceased, Appellant, v JOHN DER BOGOSIAN, Respondent. [666 NYS2d 198] —In an action, *inter alia,* to recover proceeds of an alleged

loan, the plaintiff appeals (1) from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated October 29, 1996, which determined that the action had been automatically dismissed pursuant to CPLR 306-b; and (2) as limited by her brief, from so much of an order of the same court dated January 23, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 29, 1996, is dismissed, as that order was superseded by the order dated January 23, 1997, made upon reargument; and it is further,

Ordered that the order dated January 23, 1997, is reversed insofar as appealed from, on the law, the order dated October 29, 1996, is vacated, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the respondent personally.

The plaintiff contends that proof of service was timely filed on February 2, 1995. In support of that contention she submitted to the court a copy of the summons with notice stamped "Received Feb 2 1995 Nassau County[,] County Clerk's Office". However, the computerized records of the Nassau County Clerk did not indicate that any papers were filed in the action on February 2, 1995, nor was there a copy of proof of service in the court file. However, since the plaintiff submitted documentary evidence that something was filed on February 2, 1995, the computerized records are apparently incomplete. Accordingly, there is an issue of fact as to whether proof of service was, in fact, filed on February 2, 1995, which warrants a hearing. We further note that the matter was apparently transferred from the Supreme Court to the Surrogate's Court in error (see, Matter of Piccione, 57 NY2d 278). Therefore, the Surrogate's Court should return the matter to the Supreme Court.

Subsequent to the hearing, if it is determined that proof of service was timely filed, the court must then reach the question of whether service of process was properly made. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.